RECEIVED

2017 MAR -6  PM 2: 53

CLERK
KING COUNTY COUNCIL

Washington State
Office of the Attorney General
Acknowledged Receipt, this 6th day
of _March_____, 20_17_ Time 1.45
in _Seattle_____, Washington.
Signature: _____
Print Name: Celesta Stokes
Assistant Attorney General

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

RECEIVED

MAR 07 2017

DANIEL T. SATTERBERG
PROSECUTING ATTORNEY
CIVIL DIVISION

HARVEY JOHNSON,

                       Plaintiff,

    vs.

KING COUNTY; GORDON KARLSSON, in
his official capacity as the Jail Commander of
the King County Jail in Seattle and in his
personal capacity; R. ALMANZA, in her/his
personal capacity; D. MOLINA, in her/his
personal capacity; CAMERON WALKER, in
her/his personal capacity; T. WALKER, in
her/his personal capacity; and JANE AND
JOHN DOES 1-10, in her/his personal
capacity,

                    Defendants.

NO.  17-2-05066-1 SEA

COMPLAINT FOR DAMAGES

Plaintiff Harvey Johnson, through his attorney Michael C. Kahrs of Kahrs Law Firm allege
as follows:

## I. INTRODUCTION

1.    <u>Nature of Case</u>. This is a negligence state tort and civil rights action against
administrators and staff of the King County (County) Department of Adult and Juvenile Detention
(DAJD), for their deliberate indifference and systematic failures to protect Plaintiff, who was an
individual known to them with having seizure problems from falling from a top bunk and severely
injuring himself. While incarcerated, an inmate is a ward of the County and depends on the
County and its agents identified in this complaint for their basic safety, protection, and welfare.

COMPLAINT FOR DAMAGES

Page 1 |

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

# EXHIBIT A

The County agents identified in this complaint failed to protect Plaintiff for whom they had created a special, custodial relationship and, instead, permitted an individual known to have medical problems to be placed in a top bunk where he could be injured. The injuries were caused by the deliberate indifference of individual agents of King County to Mr. Johnson's welfare and the failure of King County to properly train its employees and/or agents in how to care for inmates with known disabilities. King County's employees and agents also breached its duty to protect Mr. Johnson from foreseeable harm. Because of this breach. Mr. Johnson suffered severe personal injuries as a result of these actions.

## II. PARTIES

2.1     Plaintiff Harvey Johnson. Harvey Johnson was a resident of King County, Washington. He is presently incarcerated at the Washington Department of Corrections. During the time in question, Mr. Johnson was housed at the King County Jail, 500 5th Ave., Seattle, WA.

2.2     Defendant King County and the Department of Adult and Juvenile Detention. King County is a municipal corporation organized under the laws of the State of Washington. King County operates the king County Jail. Defendant King County is responsible for all acts of its employees and/or agents who commit acts of negligence pursuant to respondeat superior.

2.3     Defendant Gordon Karlsson.  Gordon Karlsson was the Jail Commander of the King County Jail located in Seattle, Washington. Defendant Karlsson was responsible for training staff on DAJD policies. Defendant Karlsson is responsible for all acts of his employees and/or agents who commit acts of negligence pursuant to respondeat superior.

2.4     Defendant R. Almanza. R. Almanza was a correctional officer employed by the DAJD who was on duty during March 6, 2014 at the King County Jail located in Seattle, Washington. Defendant Almanza is being sued in both his/her personal capacity. All acts of Defendant Almanza were under color of state law.

COMPLAINT FOR DAMAGES

Page 2 |

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

2.5     Defendant D. Molina. D. Molina was a correctional officer employed by the DAJD who was on duty during March 6, 2014 at the King County Jail located in Seattle, Washington. Defendant Molina is being sued in his/her personal capacity. All acts of Defendant Molina were under color of state law.

2.6     Defendant Cameron Walker. Cameron Walker was a correctional officer employed by the DAJD who was on duty during March 6, 2014 at the King County Jail located in Seattle, Washington. Defendant Almanza is being sued in his/her personal capacity. All acts of Defendant Almanza were under color of state law.

2.7     Defendant T. Walker. T. Walker was a correctional officer employed by the DAJD who was on duty during March 6, 2014 at the King County Jail located in Seattle, Washington. Defendant Walker is being sued in his/her personal and official capacities. All acts of Defendant Almanza were under color of state law.

2.8     Jane and John Does 1-10. Jane and John Does 1-10 are individuals who may be identified through discovery and who were at all relevant times individuals who violated the plaintiffs' civil rights by acting with deliberate indifference toward Plaintiffs while they were at the King County Jail located in Seattle, as further described in this complaint, during such individuals' supervision, of Mr. Johnson while he was incarcerated at the King County Jail in Seattle.

### III. JURISDICTION AND VENUE

3.1     Jurisdiction. State courts have concurrent original jurisdiction for claims brought pursuant to 42 U.S.C. §1983 claims. They have original jurisdiction for state tort claims. This Court has personal and subject matter jurisdiction.

3.2     Venue. Venue is proper in this Court pursuant to RCW 4.12.020.

3.3     Case Assignment Area. The events at issue occurred in Seattle and this case is properly assigned to the Seattle case assignment area.

COMPLAINT FOR DAMAGES

Page 3 |

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

3.4    <u>Tort Claim</u>. Plaintiff filed a tort claim with King County in accordance with RCW 4.96.020.

# IV. FACTS

4.1    Plaintiff Harvey Johnson had previously been booked into the King County Jail on September 6, 2013. In the Deferral Screening from this booking, notes were made that Mr. Harvey had a seizure disorder and a stroke three months prior.

4.2    Mr. Johnson was arrested on a warrant from Pierce County and placed in the King County Jail on March 6, 2014. He was booked at approximately at 1:46 p.m. At that time, an initial medical screening was conducted by a correctional officer. Mr. Johnson informed the officer that he had a history of a stroke and seizures, which was then noted on a screening form.

4.3    Mr. Johnson then had a more thorough screening by medical staff. At this time, Mr. Johnson informed the nurse about his medical history including his history of a stroke and seizures. On the Receiving Screening Form filled out subsequent to the initial showing, R.N. Lisa Townsend ordered the following procedure for Mr. Harvey: "EQUIPMENT – NEEDS LOWER BUNK: enhanced rsf intake assessment."

4.4    The classification system history in the jail records noted that Mr. Harvey had a lower bunk restriction because of a seizure risk. This entry was due to the actions of R.N. Townsend. He then completed his booking process and went back to the holding cell.

4.5    Mr. Johnson was then escorted to the tank and handed over to the floor officer. On the floor, the escort officer handed a card with Mr. Johnson's personal information including picture and badge number to the correctional officer in the control booth. Mr. Johnson had been given a medical bunk slip for a lower bunk.

4.6    Mr. Johnson was then escorted to an open tank with bunk beds. He had been given a 3 inch thick piece of foam meant to be placed on his bunk. All the lower bunks were taken. He had placed the foam on the floor while he tried to place a phone call. At this time the

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

floor officer informed Mr. Johnson that the sleeping mat was blocking the pathway and he had to place the foam mat on the upper bunk.

4.7     Mr. Johnson then informed the officer that he had a history of seizures and that he was not supposed to be on the top bunk. When Mr. Johnson was in the jail in 2013, he had been given a lower bunk.

4.8     The floor officer ignored Mr. Johnson's warning about the possibility of seizures and ordered Mr. Johnson to get into the upper bank which was at least five feet off the floor. Mr. Johnson was warned that if he did not get into the upper bunk, placed in administrate segregation. Nor did the correctional officer authorize Mr. Johnson being transferred to another tank with an open lower bunk or order a portable cot. Mr. Harvey is unsure who was the correctional officer who placed him in the upper bunk was but on information and belief, he believes it was one of the four named defendants sued in their personal capacity.

4.9     After trying to make phone calls, Mr. Johnson climbed up to the top bunk and lay down and went to sleep.

4.10    At approximately 7:25 p.m., Mr. Johnson had a seizure which caused him to fall from the top bunk to the floor. He lay there with blood and saliva coming out of his mouth in a somewhat comatose state. A medical emergency was then called and Mr. Harvey was taken to Harborview Medical Center (HMC).

4.11    At HMC, Mr. Johnson was treated for his injuries. He was diagnosed with a closed fracture of C5-C7 spinal vertebra with unspecified spinal cord injury with a Brown-Sequard syndrome. He also had frontal head fracture into his right orbital roof.

4.12    Mr. Johnson was hospitalized at HMC approximately 5 weeks. He had his C5-C7 vertebra fused with titanium pins installed. He has undergone extensive physical therapy because of his permanent nerve damage resulting in problems with his left hand of his body. He will be in constant pain the rest of his life.

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

4.13    All individual defendants were employed by King County and acted in the course and scope of their employment and as officers under state law.

4.14    King County is liable for all state law torts alleged herein by its employees and/or agents.

4.15    Defendant Karlsson as the Jail Commander of the King County Correctional facility in Seattle, was responsible for training the employees at the King County Jail in Seattle.

## V.  CAUSES OF ACTION
### COUNT I
### NEGLIGENCE

5.1    Negligence. All Defendants had a duty to assign Plaintiff Johnson to a lower bunk, as medically indicated, or, failing that, to assign Plaintiff to a mattress on the floor, in compliance with King County's practices and procedures which allow for inmates to be assigned to the floor for periods of time up to 72 hours. Breach of that duty proximately caused injuries and damages to Plaintiff.

### COUNT II
### VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983)

5.2    Civil Rights Violation. Defendants Almanza, Molina, Cameron Walker and/or T. Walker are liable to Plaintiff Johnson for damages for their deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983.

5.3    Civil Rights Violation. The Defendants King County and Karlsson failure to properly train its correctional officers in how to house individuals with medical disabilities and/or the necessity of either complying with directives from medical staff or assigning inmates to a mattress on the floor in cases where the inmate is assigned to a lower bunk, and are liable for that failure to properly train.

5.4    The Defendants, Karlsson, and King County, owed a duty to Plaintiff Johnson based on his medical history and status and breached that duty of care owed by a correctional

COMPLAINT FOR DAMAGES

Page 6 |

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

officer and facility to the inmates in its care breached that standard of care which resulted in Plaintiff Johnson suffering damages proximately caused by this negligence.

## VI. RESERVATION OF RIGHTS

6.1     Reservation of Rights. Plaintiff Johnson reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

7.1     That the Court award Plaintiff appropriate relief, to include all special and general damages established at trial;

7.2     That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

7.3     That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law or ground in equity, including 42 U.S.C. § 1988 and all other applicable bases for an award of attorneys' fees and litigation costs;

7.4     That the Court award pre-judgment interest on items of special damages;

7.5     That the Court award Plaintiff such other, favorable relief as may be available and appropriate under law or at equity; and

7.6     That the Court enter such other and further relief as the Court may deem just and proper.

SIGNED this 3rd day of March, 2017.

By: _____
Michael Kahrs, WSBA 27085
Attorney for Plaintiff

**Kahrs Law Firm, P.S.**
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com